WILLIAM E. T. SMITH and Others, Appellants, v. THE TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF BROOK-HAVEN, Respondent, Impleaded with LYDIA S. FLOYD.

*Partition — lands under the waters of the easterly end of Great South bay — when a decision directing their actual partition will not be modified by directing a sale of the entire property.*

Where the parties to an action brought for the partition of premises consisting of several thousand acres of land under the waters of the easterly end of the Great South bay, including several small islands, concede that actual partition would be desired by them if it were necessary, and the court files a decision directing such partition of the premises, and that the shares of the several plaintiffs should be set off to them without partition as between themselves, a motion to modify the decision so as to direct a sale of the entire premises, instead of an actual partition, or a reference to take testimony concerning the desirability of such sale, will be denied, especially as under section 1560 of the Code of Civil Procedure, if the commissioners appointed to partition the property should, after an inspection, report that it was so circumstanced that a partition could not be made without great prejudice to the owners, the court might modify the interlocutory judgment by directing a sale of all or a portion of the premises.

APPEAL by the plaintiffs, William E. T. Smith and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 15th day of November, 1898, refusing to set aside the decision and findings in an action of partition, to modify the same on the question of actual partition, to set aside the plaintiffs' share in severalty, to direct that a sale of the whole of the property be had instead of an actual partition, and to direct a reference to take testimony upon such questions.

*A. A. Spear,* for the appellants.

*Walter H. Jaycox,* for the respondent.

GOODRICH, P. J.:

The action is for the partition of land, waters and lands under the waters of the Great South bay, the islands therein and the water, hunting, hawking, fowling and fishing rights therein, such premises being situate in the town of Brookhaven and bounded westerly by a north and south line drawn through the east end of Pattersquash island, southerly by the Great South beach, easterly by the Southampton town line, and northerly by high-water mark on the north side of the Great South bay. Each of the four plaintiffs is seized in fee simple of one undivided eighth part of the property in question. The defendant trustees are seized in fee simple of the other half, and the defendant Lydia S. Floyd claimed some interest in the property. At the trial of the action it was conceded "that the actual partition will be desired by both parties if it become necessary, and if this action will lie." The court found, among other things, that "all parties interested in the said premises and rights ask for actual partition." As conclusion of law, the court found that "judgment should be granted for actual partition, and the shares of the several plaintiffs should be set off to them without partition as between themselves." This decision was rendered in November, 1895.

It appeared by the moving affidavits that immediately after the rendering of the decision negotiations ensued between the plaintiffs and the trustees for the purchase of the plaintiffs' interests by the town, which resulted in a written agreement for such purchase, subject to the ratification of the agreement at the annual town meeting in March, 1896. At such town meeting the question of ratification was submitted and rejected. A similar submission was made to the town meeting of March, 1898, and likewise rejected.

In October, 1898, a motion was made on behalf of the plaintiffs for an order modifying the decision and directing a sale of the property or a reference to take testimony upon the propriety of such sale. The Special Term denied the motion, and from the order entered thereon the plaintiffs appeal.

It is unnecessary in our view to consider any question except the

propriety of actual partition of the premises. We start with the proposition that, at the time of the trial of the action, it was conceded by the parties that actual partition would be desired by them if it were necessary and the action would lie. This necessity is confirmed by a consideration of the character of the property. It consists of several thousands of acres of lands under the waters of the easterly end of the Great South bay, which is laid down upon the government charts as Moriches bay. In the bay are several small islands. We see no difficulty in an actual partition of the property. It can be divided in any direction into two equal parts, or if the values of different sections of the bay are unequal, it can be divided into more than two parts, so that an equitable partition is comparatively easy. In *Chittenden* v. *Gates* (18 App. Div. 169) we affirmed a judgment directing an actual partition of a long, narrow beach or tongue of sand, lying between the ocean and Jamaica bay, on the ground that it was difficult to see how any property was more susceptible of division than property of this character. The reasoning of that opinion applies with equal force to the premises in question.

Besides, section 1560 of the Code of Civil Procedure provides that if the commissioners appointed by the court to partition property report that the same or some part thereof is so circumstanced that a partition cannot be made without great prejudice to the owners, the court may modify the interlocutory judgment and direct that the property or any portion thereof be sold. The actual inspection of the premises by such commissioners will afford a better means of deciding the propriety of partition than any testimony, expert or otherwise, which could be produced before them, if the decree in this case were modified as the appellants desire.

In addition to this, if the premises were sold at auction the parties would not stand on equal footing. There is nothing to prevent the plaintiffs from purchasing the property at the sale. There may be considerable doubt whether the defendant trustees are either legally or financially able to make a bid for and purchase the property and thus protect their interests.

It seems to us, therefore, that for either of the reasons stated the order of the Special Term was correct and should be affirmed.

All concurred, except BARTLETT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.